KAVANAUGH *v.* KAVANAUGH.

4-7852                                        193 S. W. 2d 129

Opinion delivered March 18, 1946.

Rowell, Rowell & Dickey, for appellant.

E. W. Brockman, for appellee.

HOLT, J.   Appellant, Lula Kavanaugh, was granted a divorce from appellee April 29, 1937. The decree contained the following provisions: "It is further considered, ordered, adjudged and decreed that the plaintiff is hereby awarded lot eight (8) in block thirty (30) of Woodruff's Addition West and South to the City of Pine Bluff, Jefferson county, Arkansas, and the defendant is hereby ordered and directed to pay off and discharge the indebtedness against said property, which is secured by vendor's lien in favor of the Tri-State Savings & Loan Company, in the sum of $614, and the further sum of $140 for repairs to the roof of said building, and upon the payment of said sums, and extinguishment of said indebtedness against said property, it shall be in full of all sums due by the defendant to the plaintiff for alimony, or otherwise. . . . The court doth retain control of this cause to see that the judgment as to the indebtedness due on the property awarded the plaintiff is paid, and attorney's fee and court costs are paid."

Appellee failed to pay the $140 indebtedness as directed in the decree and on May 4, 1941, a suit was filed against him in United States District Court, but before trial, on May 27, 1942, he paid the claim in the total sum of $288.76, which included interest due and court costs.

July 1, 1938, on a citation as for contempt for failure to comply with the decree, appellee was ordered "to begin the monthly payment to the said Tri-States Savings & Loan Association, the holder of the mortgage on the home place of the plaintiff as set out in the original decree; . . . the first payment to be made between August 1st and August 10th, 1938, and to continue such monthly payments until the loan is paid off or until the further orders of this court in the sum of $9.70 each. . . . It is further ordered and decreed that the defendant (appellee) do reimburse the plaintiff (appellant) for such sums as she may have paid out to said loan association since October 1st, 1937, and that such payments shall be made as reasonably expeditious as possible."

Thereafter, on October 25, 1944, appellee was again cited to appear and show cause why he had failed to comply with the previous orders of the court. Upon hearing June 19, 1945, the court made this finding: "The only thing that he (appellee) owed according to the decree was $614, plus $140, plus six per cent interest until those amounts were paid; and I think that he has paid more than that. I am going to hold that that's all he owed.". The decree recites: "That the defendant, A. G. Kavanaugh, had paid off and discharged the total sum adjudged to be paid by him in lieu of dower and alimony as set out in the original decree rendered in said cause April 29, 1937, and that he should be released and discharged from any further liability thereunder," and accordingly ordered that appellee be discharged from further liability under the 1937 decree. From this final order comes this appeal.

We think the court erred in holding that appellee was not required, under the provisions of the 1937 decree set out above, to pay interest on the two items of indebted-

ness therein set out. The decree is against the preponderance of the testimony.

The material facts are practically undisputed and are to the following effect: It was agreed that appellant assumed the payment of all taxes and assessments against the property in question. The $614 indebtedness referred to in the decree represented the balance due on a joint note in the amount of $800 with 8% interest, executed by appellant and appellee on November 16, 1934, in favor of the Tri-State Savings & Loan Association, payable in monthly payments of $9.70. Appellee failed to make the payments due for five months in 1938, in the amount of $48.50 and appellant made these payments. The $140 item was paid by appellee May 27, 1942, with interest and court costs added, in the total sum of $288.76 as above noted.

Appellee testified that he had paid a total of $1,005.80 on the two items of indebtedness, and the trial court so found. This amount included the $288.76 paid by appellee in extinguishment of the $140 item.

It appears to be undisputed that appellant was required to pay to the assignee of the Tri-State Savings & Loan Association December 15, 1944, $439.03, in addition to the payment made by her of $48.50 in 1938, or a total of $487.53. She paid this loan company $162.62 taxes which it was her duty to pay and which the loan company had paid for her, but the record is not clear whether this tax payment was included in the $487.53, total just noted.

Under the plain terms of the decree, appellee was ''ordered and directed to pay off and discharge the indebtedness against said property . . ., and upon the payment of said sums, and extinguishment of said indebtedness against said property, it shall be in full of all sums due, etc.''

The meaning appears clear that appellee was to pay the indebtedness when it became due, together with all accumulated interest. There is nothing said in the decree that would indicate that he was to be relieved of any interest on the indebtedness. In other words, he was required,

under the decree, to discharge the indebtedness along with all accrued interest at the time of the discharge, and this he has failed to do.

Appellee is due appellant all money that appellant has been required to pay on the indebtedness against the property with 6% interest from date of the payments, except what she had paid out in taxes.

As has been noted, we are unable to determine from the record here whether the taxes which appellant paid were included in the two payments above, totalling $487.53, and upon remand, the court is directed to permit the parties to develop the testimony further on this point.

For the error indicated, the decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.